[Cite as *State v. Croom*, 2014-Ohio-5635.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 98 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STANLEY CROOM | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 10 CR 35

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Stanley Croom, Pro se
#622-982A
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 19, 2014

WAITE, J.

**{¶1}** Appellant Stanley Croom appeals the dismissal of his *pro se* petition for postconviction relief filed in the Mahoning County Court of Common Pleas. The petition was dismissed without a hearing. Appellant contends that a hearing should have been granted to investigate four alleged errors made during the trial. Appellant refers only to issues that could have been or were resolved in direct appeal. Since none of these errors, even if proven, could result in the court granting the petition, no hearing was needed prior to denying the petition. The trial court properly denied the petition without a hearing, and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** The facts of this case are thoroughly reviewed in the direct appeal of Appellant's conviction and sentence. *State v. Croom*, 7th Dist. No. 12 MA 54, 2013-Ohio-5682 ("*Croom I*"). Appellant and co-defendant Jeffrey Shorter were indicted by the Mahoning County Grand Jury in connection with a robbery at a Belleria pizza location in Youngstown. The indictment also contained counts of attempted aggravated murder and retaliation in connection with Appellant's efforts to murder a key witness in the robbery case. The case went to trial and Appellant was convicted of aggravated robbery, attempted aggravated murder, retaliation and having a weapon while under a disability. The court sentenced Appellant to eleven years in prison for attempted aggravated murder, three years for the repeat violent offender specification, ten years for aggravated robbery, three years for the firearm specification, and three years for having a weapon under disability, for an aggregate sentence of thirty years. The retaliation count was merged into the attempted

aggravated murder count. Appellant filed a direct appeal, raising eight assignments of error. On December 13, 2013, we reversed the conviction for having weapons under a disability but affirmed all the remaining convictions and sentences. *Croom I* at ¶175.

**{¶3}** Appellant's postconviction petition was filed on January 14, 2013. The trial court denied the petition on January 17, 2013. Appellant filed a direct appeal, which was dismissed due to lack of final appealable order. The trial court issued a revised ruling denying the petition on June 5, 2013, and it is the later ruling now on appeal.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ABUSED IT[sic] DISCRETION WHEN IT DID NOT GRANT APPELLANT'S REQUEST FOR EVIDENTARY[sic] HEARING TO REVIEW THE VIDEO DISC IN CASE NO. 10 CR 720 IN COMPARISON TO APPELLANT[sic] CASE

**{¶4}** Appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." Based on the nature and contents of the petition, it was treated by the trial court and now, on appeal, as a petition for postconviction relief as defined in R.C. 2953.21. *See State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Although Appellant's assignment of error purportedly raises an issue regarding a video disc, almost none of the argument on appeal pertains to this supposed evidence. In addition, he did not produce the video for the trial court to review in support of his petition, and it is not even clear what significance the alleged

video would have in this case. While we will return to the question of the supposed video, Appellant's actual argument on appeal relates to errors regarding DNA evidence, an alleged misstatement by the trial judge, and the credibility of witnesses at trial. For the following reasons, we reject these arguments.

**{¶5}** A defendant convicted of a criminal offense who alleges the denial of a constitutional right at trial may seek postconviction relief pursuant to R.C. 2953.21(A)(1)(a). This type of petition is a civil proceeding attacking the validity of the criminal judgment. *State v. Milanovich*, 42 Ohio St.2d 46, 49, 325 N.E.2d 540 (1975). A trial court will review the petition and any supporting documents, along with the record of proceedings, to determine if there are substantive grounds for relief before dismissing a petition. R.C. 2953.21(C).

**{¶6}** The mere filing of a petition for postconviction relief does not automatically guarantee that the petitioner will receive a hearing on the matter. "Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate" that he is entitled to relief. *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980). "[T]he court shall determine whether there are substantive grounds for relief" before a hearing may be granted. R.C. 2953.21(C). The court must first determine whether there is reason to believe that, "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a); *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).

**{¶7}** The doctrine of *res judicata* applies to postconviction relief proceedings. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph eight of the syllabus. This doctrine bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal. *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981). The doctrine of *res judicata* also bars claims that are unsupported by evidence outside of the original record. *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205 (1994). " 'To overcome the *res judicata* bar, evidence offered *dehors* the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record.' " *State v. Clark*, 7th Dist. No. 06 MA 26, 2007-Ohio-2707, ¶14, quoting *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995).

**{¶8}** "Appellate review of a trial court's disposition of a petition for postconviction relief is a hybrid, presenting mixed questions of law and fact." *State v. Green*, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, ¶27. "Absent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence." *State v. Mitchell*, 53 Ohio App.3d 117, 119, 559 N.E.2d 1370 (8th Dist.1988). An abuse of discretion connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 559 N.E.2d 1370 (1988).

**{¶9}** Appellant first argues that the trial judge made incorrect assertions about DNA evidence that contradicted expert witness testimony, and that the trial

judge could not present facts at trial as if he were an expert witness. Appellant cites Evid.R. 702(B) in support. Evidentiary rulings about expert witness testimony concerning DNA evidence is a matter that can be reviewed on direct appeal. In fact, Appellant did raise questions about the DNA evidence in his direct appeal. *Croom I* at ¶90-91. Therefore, these arguments could have been made in the direct appeal and are now *res judicata*. The trial judge did not need to have an evidentiary hearing on the petition for postconviction relief to resolve this issue. Further, Appellant does not attempt to connect this alleged error, or anything else in his petition or in this appeal, to any violation of a constitutional right. Without an allegation and some proof that a constitutional right was violated, there was no reason for the court to schedule a hearing, much less grant the petition.

{¶10} Appellant's second argument is that the trial court misspoke when the judge stated that Jeffrey Shorter was never called to the stand to testify. Whether or not Shorter was called to testify is a matter that can only be proven by reference to the record as it existed at the time of direct appeal, and as such, is *res judicata* for purposes of postconviction relief and cannot be reviewed here. Postconviction relief has to do with evidence that was not and could not be produced at trial, evidence *dehors* the record, and any argument relying solely on evidence that was part of the trial would necessarily fail. Once again, the trial court had no reason to hold a hearing regarding a question that could not form the basis for relief.

{¶11} Appellant's remaining two arguments relate to the credibility of witnesses. Appellant believes that the witness MyLinda Seamans misidentified him when she described the robber, and that witness Robert Levitsky gave untruthful

testimony. Whether or not either of these witnesses could be believed was a matter for the trier of fact to determine, and would be part of an assignment of error on appeal dealing with the manifest weight of the evidence. Appellant raised a manifest weight of the evidence assignment of error in his direct appeal, and it was rejected. *Croom I* at ¶63-95. Since these matters could have been raised on direct appeal, they are now *res judicata* and would not serve as a reason for the trial court to grant a hearing on the petition for postconviction relief. *See State v. Damron*, 4th Dist. No. 10CA3158, 2010-Ohio-6459, ¶21 (postconviction manifest weight argument is barred by *res judicata* because it could have been raised in the direct appeal).

{¶12} Finally, we must comment on Appellant's reference to possible security video evidence that he somehow now believes constitutes a basis for requiring an evidentiary hearing on his petition. Appellant refers to security camera video both of the robbery of Belleria Pizza and video from a separate robbery of a Walgreens Drug Store. The security video of the robbery was available to Appellant prior to and during his trial, and he referred to the content of the video in his direct appeal, particularly with respect to his manifest weight of the evidence argument. *Croom I* at ¶75-80. Whether or not there is additional video of Appellant or someone else committing a second crime at Walgreens cannot alter the evidence presented against him in this case. Appellant is basically challenging the weight of the evidence identifying him as the person who attempted to rob Belleria Pizza. MyLinda Seamans, a Belleria employee, identified Appellant. She identified him in a photo lineup and in the courtroom. She identified the gloves he was wearing when he committed the crime. He was identified by his coat, by his vehicle, by his height and

weight, and by the fact that he had no facial hair. The gloves were recovered from his vehicle when Appellant was arrested and had his DNA on them. As Appellant is well aware, he was also recorded on Belleria's security camera video. Appellant is essentially raising a different manifest weight of the evidence argument here than the one he raised on direct appeal, an argument based in part on a video he did not produce in support of his petition and that he cannot show or even describe as being relevant to any constitutional violation. There is nothing in Appellant's discussion of these videos that could possibly require the trial court to hold a hearing on his petition. Therefore, no error has been established. For all of these reasons, we overrule Appellant's assignment of error.

## Conclusion

{¶13} Appellant's request for an evidentiary hearing in response to his petition to vacate his conviction and sentence was properly denied because he did not present substantive grounds for relief. There was no error in the trial court's decision to deny the petition without a hearing, and the trial court's judgment is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.