[Cite as *State v. Lewis*, 2018-Ohio-1336.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 17 MA 0132 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| FREDDIE LEWIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
                               Common Pleas of Mahoning County,
                               Ohio
                               Case No. 02 CR 317

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Paul J. Gains
                               Mahoning County Prosecutor
                               Atty. Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Freddie Lewis, *Pro se*
                               #443-298
                               Trumbull Correctional Institution
                               P.O. Box 901
                               Leavittsburg, Ohio  44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                               Dated:  March 29, 2018

WAITE, J.

{¶1} Appellant Freddie Lewis appeals an August 24, 2017 decision of the Mahoning County Common Pleas Court denying a motion to vacate his sentence. Appellant argues that the trial court failed to merge his aggravated murder and aggravated robbery convictions. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Appellant and a codefendant were indicted for aggravated murder and aggravated robbery with firearm specifications. The indictment stemmed from an incident that occurred on February 21, 2002 where Appellant and his codefendant shot and killed a college student after robbing him. A jury found Appellant guilty of complicity to aggravated murder, complicity to aggravated robbery, and the firearm specifications. The trial court sentenced Appellant to incarceration for life with the possibility of parole after twenty years on the aggravated murder conviction and ten years on the aggravated robbery conviction. The two firearm specifications were merged and the court sentenced Appellant to three years on the merged gun specifications. The court ordered all of the sentences to run concurrently.

{¶3} We affirmed Appellant's convictions and sentence in *State v. Lewis,* 7th Dist. 03 MA 36, 2005-Ohio-2699. On July 24, 2013, Appellant filed a motion for "Issuance of a Revised Judgment Entry of Conviction and Sentence" and "Assessment of Subject-Matter Jurisdiction." In the motion Appellant argued, among other things, that the trial court failed to merge his aggravated murder and aggravated robbery convictions for purposes of sentencing. On October 17, 2013,

the trial court denied Appellant's motion. Appellant did not appeal the court's decision. On December 15, 2014, Appellant filed a second motion for "Issuance of a Revised Judgment Entry of Conviction and Sentence" and "Assessment of Subject-Matter Jurisdiction." On February 5, 2015, the trial court *sua sponte* dismissed the motion. Appellant filed an appeal with this Court, which was denied as untimely. On July 7, 2017, Appellant filed a "MOTION TO VACATE SENTENCE CONTRARY TO LAW." In his motion, Appellant argued that his sentence is contrary to law and that the trial court was required to merge his aggravated murder and aggravated robbery convictions for purposes of sentencing and failed. On August 24, 2017, the trial court denied the motion. It is from this judgment entry that Appellant appeals.

Postconviction Petition

{¶4} A motion to correct a sentence meets the definition of a postconviction petition if "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶5} The motion at issue here was clearly filed subsequent to Appellant's direct appeal, claims a denial of constitutional rights, seeks to render the judgment void, and asks for vacation of his sentence. Thus, the motion is construed as a postconviction petition.

{¶6} In order to successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in

his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 7th Dist. No. 14 MA 0094, 2016-Ohio-7183, ¶ 9, citing R.C. 2953.21(A)(1). The petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). Pursuant to R.C. 2953.21(D), the petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. However, because a postconviction petition is not a forum to relitigate issues that could have been raised on direct appeal, res judicata bars many claims. R.C. 2953.21(D).

**{¶7}** The doctrine of res judicata "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Croom*, 7th Dist. No. 13 MA 98, 2014-Ohio-5635, ¶ 7, citing *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981). However, where "an alleged constitutional error is supported by evidence that is de hors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal." *State v. Green*, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, ¶ 21, citing *State v. Smith*, 125 Ohio App.3d 342, 348, 708 N.E.2d 739 (12th Dist.1997).

<u>Timeliness</u>

**{¶8}** The state contends that the trial court properly dismissed Appellant's postconviction petition as untimely. In relevant part, R.C. 2953.21(A)(2) provides that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

**{¶9}** Ohio law provides a two-part exception in R.C. 2953.23(A)(1)(a)-(b). Pursuant to R.C. 2953.23(A)(1)(a):

> [T]he petitioner was unavoidably prevented from discovery of the facts upon which the [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶10}** Pursuant to R.C. 2953.23(A)(1)(b), the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

**{¶11}** The record in this matter reflects that Appellant filed the trial transcripts with this Court on July 31, 2003. Appellant filed his postconviction petition on July 7, 2017, approximately thirteen years after filing his transcripts. Pursuant to R.C. 2953.21(A)(2), his petition is untimely unless he can show this matter falls within the exception provided by R.C. 2953.23(A)(1)(a)-(b).

**{¶12}** Appellant does not argue that his case falls within the exception. In fact, Appellant does not present any arguments as to the timeliness of his motion. Nonetheless, Appellant is barred from raising his arguments by the doctrine of *res judicata.* Appellant could have raised an argument regarding merger in his direct appeal. In fact, Appellant has already raised this issue twice, once in his July 24, 2013 motion and once in his December 15, 2014 motion. Appellant failed to appeal

the trial court's denial of his July 24, 2013 motion and his December 15, 2014 appeal was dismissed by this Court as untimely. As such, Appellant is barred from raising these issues because they are *res judicata.*

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT FAILED TO MERGE APPELLANT'S CONVICTIONS FOR AGGRAVATED MURDER AND AGGRAVATED ROBBERY AS ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25(A), IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 2

APPELLANT'S SENTENCE OF THIRTY-THREE YEARS TO LIFE IS CONTRARY TO LAW AND VOID WHERE THE TRIAL COURT FAILED TO MERGE HIS CONVICTIONS FOR AGGRAVATED MURDER AND AGGRAVATED ROBBERY, INSTEAD SENTENCING HIM SEPARATELY ON BOTH, VIOLATING HIS DUE PROCESS PROTECTIONS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE A SENTENCE CONTRARY TO LAW, IN VIOLATION OF HIS DUE PROCESS PROTECTIONS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶13} Due to the untimeliness of Appellant's motion and the fact that he is barred from raising these arguments by *res judicata*, each of these assignments of error are moot. Hence, Appellant's assignments of error are without merit and are overruled.

## Conclusion

{¶14} Appellant argues that the trial court failed to merge his aggravated murder and aggravated robbery convictions. Appellant's arguments are untimely and are barred by *res judicata*. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.