[Cite as *State v. Lee*, 2021-Ohio-2011.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RYAN REED LEE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 BE 0043**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 18 CR 59

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dan Fry*, Belmont County Prosecutor, 147-A West Main Street, St. Clairsville, Ohio 43950 and *Atty. Stephanie Anderson*, Assistant Prosecuting Attorney for Plaintiff-Appellee (No Brief Filed)

*Atty. Cynthia Henry*, P.O. Box 4332, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated:  June 11, 2021

**D'Apolito, J.**

{¶1}    Appellant, Ryan Reed Lee, appeals from the August 23, 2019 judgment of the Belmont County Court of Common Pleas sentencing him for attempted failure to file a tax return and receiving stolen property following a guilty plea.  On appeal, Appellant asserts the trial court erred in ordering that he have no contact with any convicted felons, which included his incarcerated wife, as a condition of his community control sanctions.  Because Appellant has been released from jail, has completed his community service, and his conditions have expired, his assignments of error are overruled as moot and we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On March 21, 2018, Appellant was indicted by the Belmont County Grand Jury on six counts: count one, engaging in a pattern of corrupt activity, a felony of the first degree, in violation of R.C. 2913.02(A)(3); count two, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51; count three, complicity to theft in office, a felony of the third degree, in violation of R.C. 2921.41(A)(1); count four, failure to file a tax return, a felony of the fifth degree, in violation of R.C. 5747.19; count five, receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51; and count six, theft in office, a felony of the fourth degree, in violation of R.C. 2921.41(A)(1).[1]  Appellant was assigned counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.  Appellant was released on a recognizance bond with conditions.

{¶3}    The matter came before the court on July 9, 2019 for a jury trial.  However, pursuant to plea negotiations with Appellee, the State of Ohio, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to two amended charges, to wit: count four (amended), attempted failure to file a tax return, a misdemeanor of the first degree, in violation of R.C. 2923.02(A) and 5747.19; and count

---

[1] The charges against Appellant allege that he obtained improper payroll disbursements from York Township and York Township Water Authority through his wife, Dawn Lee, the former fiscal officer.

five (amended), receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51.[2]

{¶4}   The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court dismissed counts one, two, three, and six.  The court ordered a presentence investigation and an evaluation of acceptability at the Eastern Ohio Correction Center.   Sentencing was deferred.  Appellant was released on the same bond and conditions.

{¶5}   On August 23, 2019, the trial court sentenced Appellant to 97 days in jail on amended count four, including a $500 fine, and community control sanctions on amended count five, including, inter alia, six months in jail, a $2,000 fine, $2,242 in court costs, $600 in supervisory fees, $710.97 in agreed restitution, 12 months of high-level supervision upon his release, no contact with any convicted felons, and 200 hours of community service.  The sentences were ordered to be served concurrently.[3]

{¶6}   Appellant filed a timely appeal and raises two assignments of error.[4]

## ASSIGNMENT OF ERROR NO. 1

**THE CONDITION OF PAROLE THAT THE APPELLANT HAVE NO CONTACT WITH HIS WIFE IS UNREASONABLE.**

## ASSIGNMENT OF ERROR NO. 2

**THE PAROLE CONDITION PROHIBITING APPELLANT FROM HAVING CONTACT WITH HIS WIFE IS A VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHT.**

{¶7}   In both of Appellant's assignments of error, he alleges the trial court erred in ordering, as a condition of his community control sanctions, that he have no contact

---

[2] A change of plea hearing was held on July 9, 2019.  Appellant's written guilty plea was filed three days later.

[3] Appellant did not request a stay of his sentence.

[4] The State did not file an appellate brief.

with any convicted felons, which included his incarcerated wife. Because Appellant's assignments are interrelated, we will address them together.

**{¶8}** As stated, the trial court sentenced Appellant on August 23, 2019. Appellant filed a timely notice of appeal on September 9, 2019. On February 7, 2020, Appellant was released from jail. On February 10, 2020, Appellant appeared before the trial court for a review of the remaining provisions of his community control sanctions. The next day, the trial court filed a judgment which referenced the specific, remaining 12-month conditions including that he "have no contact with any convicted felons." (2/11/2020 Judgment Entry Release From Jail, p. 2).[5]

**{¶9}** On May 28, 2020, Appellant filed his appellate brief. In this appeal, Appellant takes no issue with any financial aspect of his community control sanctions.[6] Rather, the only issue Appellant raises on appeal is that the trial court erred in ordering that he have no contact with any convicted felons, which included his incarcerated wife, as a condition of his community control sanctions.

**{¶10}** Accordingly, because Appellant has been released from jail, has completed his community service, and his conditions, including that he "have no contact with any convicted felons," have expired, his assignments of error are overruled as moot. *See* App.R. 12(A)(1)(c); *State v. Lewis*, 7th Dist. Mahoning No. 17 MA 0132, 2018-Ohio-1336, ¶ 13-14.

**{¶11}** Notwithstanding the fact that Appellant's issues are moot, this court notes that we would still, nevertheless, affirm the trial court's judgment. Pursuant to R.C. 2951.02, a trial court has broad discretion in setting conditions as part of a defendant's sentence. Based on the facts presented and the record before us, we determine that the trial court's "no contact with any convicted felons" condition is related to the "'interests of doing justice, rehabilitating the offender, and insuring his good behavior.'" *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). Appellant's overall sentence is not contrary to law. R.C. 2953.08(G)(2).

---

[5] Appellant's 12-month conditions expired in February 2021.

[6] Appellant completed his community service on June 2, 2020 and owed at that time a total remaining financial sanction of $3,493.97.

Case No. 19 BE 0043

## CONCLUSION

{¶12} For the foregoing reasons, Appellant's assignments of error are overruled as moot. The August 23, 2019 judgment of the Belmont County Court of Common Pleas sentencing Appellant for attempted failure to file a tax return and receiving stolen property following a guilty plea is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**