[Cite as *State v. Washington*, 2025-Ohio-1774.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JARELL ARLANDO WASHINGTON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0098

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 814

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*,* and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Jarell Arlando Washington, *Pro se*, Defendant-Appellant.

Dated: May 19, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Jarell Arlando Washington, appeals a Mahoning County Common Pleas Court judgment granting the State of Ohio's (Appellee) motion for judgment on the pleadings and denying his motion for de novo review of a post-conviction relief petition. A jury convicted Appellant of cocaine possession in the amount of 29 grams, a first-degree felony. He was sentenced to seven to 10.5 years in prison.

{¶2} On appeal, Appellant contends that the trial court erred by applying res judicata to bar his claims and failing to address the affidavits he submitted in support of his petition. He asserts that the affidavits he attached establish that he lacked knowledge of the magnetic box full of cocaine found in the wheel well of his brother's car. He submits that the affidavits also establish his counsel's ineffectiveness for failing to call him and the two affiants, his girlfriend and brother, as witnesses at trial.

{¶3} For the following reasons, we hold that res judicata barred Appellant's insufficiency of the evidence and manifest weight of the evidence claims because we addressed those claims on direct appeal. We further hold that res judicata also barred six of Appellant's seven ineffective assistance of counsel claims and his prosecutorial misconduct claim because he failed to attach evidence de hors the record to his post-conviction relief petition and he should have raised those claims on direct appeal but did not. Finally, we hold that the court did not abuse its discretion by finding that the affidavits Appellant attached to his request for de novo review did not constitute evidence de hors the record to establish sufficient operative facts as to a constitutional violation.

{¶4} On December 20, 2023, we made the following findings when we affirmed the trial court's conviction on Appellant's appeal:

> At approximately 8:40 p.m. on November 1, 2021, Beaver Township Officer Christopher Albert observed a 2007 Dodge Charger on Market Street in North Lima, Ohio, that had overly dark tinted windows. Officer Albert checked the license plate of the vehicle and found that the owner, Devonte Clay, had a suspended license. Another vehicle, a maroon Ford sedan, was following very closely behind the Dodge Charger, blocking

Officer Albert from pulling behind it. The officer assumed the two cars were together. He turned on his cruiser lights and siren, and forced his way behind the Dodge Charger and in front of the Ford sedan. The Dodge Charger eventually pulled over and stopped. The other car continued on, then circled back and parked about 25 yards away, watching what was occurring with the traffic stop.

Appellant was the driver and sole occupant of the Dodge Charger. Officer Albert told Appellant the reason for the stop. The officer asked Appellant if he was the registered owner, and Appellant stated that "he was not the registered owner and he did not have a driver's license, that he was suspended." (8/29/22 Tr., p. 211.) Appellant also said that he had picked up the car for his brother Devonte Clay at the impound lot in Tiffin, Ohio (a three-hour drive away). Officer Albert asked if he could search the vehicle, and Appellant said yes. The officer found a puppy, dog food in the passenger compartment, and a box of plastic sandwich bags in the trunk.

Officer Albert told Appellant that the vehicle had to be towed to a tow company lot since Appellant did not own the vehicle and had a suspended license. The officer told Appellant to leave the keys in the vehicle; that Appellant would not have access to the vehicle after it was towed; and that only the registered owner could retrieve the vehicle. Officer Albert gave Appellant a traffic citation, and Appellant walked over to the Ford sedan and got in. The Ford sedan stayed at the scene for five or ten minutes more, and left with Appellant prior to the Dodge Charger being towed.

Gobel's Towing arrived to tow the vehicle. While it was being lifted onto the tow trunk, Nick Gobel spotted a box magnetically attached to the underside of the vehicle in the passenger side front wheel well. Officer Albert opened the box and found 29 grams of cocaine inside.

The next day, Detective Datillo of the Beaver Township Police drug task force began investigating the circumstances of Appellant's traffic stop

to determine whether charges should be filed. On November 2, 2021, a criminal complaint with one count of possession of cocaine was filed against Appellant in Mahoning County Court, Area 5. Appellant was arrested on November 3, 2021. His initial hearing was on November 5, 2021. Bond was set at $25,000. The case was bound over to the Mahoning County Grand Jury.

Appellant was indicted on December 30, 2021, on one count of possession of cocaine, R.C. 2925.11(A), (C)(4)(e), a first degree felony. Jury trial was held on August 29, 2022. The state presented four witnesses: Officer Christopher Albert; tow truck operator Nicholas Gobel; Anna Petro of the Ohio Bureau of Criminal Investigation ("BCI"); and Detective . . . Datillo.

Officer Albert testified that he found a box of plastic sandwich bags in the trunk of the vehicle, and that sandwich bags were commonly used for possession of controlled substances. He testified that the magnetic box found under the vehicle was a "narcotics hide box" commonly used to transport illegal narcotics. (8/29/22 Tr., p. 218-219.) He also testified that Appellant took the car keys with him even though he was told to leave them in vehicle. His testimony also included the circumstances of the second car following Appellant's vehicle.

Nicholas Gobel, the tow truck driver, testified that he found the black magnetic box under the vehicle while loading the vehicle onto the tow truck. He also testified that after he had returned to his tow lot after towing the Dodge Charger, Appellant called him and asked if he could "come remove something he forgot to remove" from the vehicle. (8/29/22 Tr., p. 274.)

Detective Datillo of the Beaver Township Police drug task force testified that he was aware that the owner of Dodge Charger, Devonte Clay, was incarcerated in the Mahoning County Jail. He looked into jail phone calls and found that Appellant had called Clay on November 1, 2021 at 5:19

p.m., approximately three hours before Appellant was stopped by Officer Albert. Det. Datillo obtained a recording of that call. On the recording Appellant can be heard to say that he just picked up the vehicle from the impound lot and that he was worried about what would happen if the car was stopped by the police and was towed.

Det. Datillo also testified about a call Appellant received in jail on November 4, 2021, made by an unknown woman. On that call, Appellant and the woman were discussing his case and Appellant made remarks about talking to "the cops" and getting "that shit" flushed down the toilet. The recording is of poor quality and it is difficult to hear most of the dialog, much less the context in which Appellant's statements were made.

Appellant called Vicki Bartholomew from BCI to testify that no identifiable prints were found on the narcotics lock box. She testified that only about 40% of the 2,700 fingerprint submissions to BCI involve prints that are sufficient for analysis. She further testified that fingerprints on an object may degrade or be destroyed by many factors, including being exposed to heat, cold, rain, dirt and dust, airflow, or anything else that occurs outside in the elements.

Following trial, the jury returned a guilty verdict. Appellant was sentenced on November 2, 2022. The court determined that Appellant had previously been found guilty of first degree felony possession of cocaine. The court sentenced Appellant to seven to ten-and-one-half years in prison. The court filed its judgment entry on November 4, 2022. Appellant's counsel filed a timely appeal on December 5, 2022, Appeal No. 22 MA 0128. The appeal was filed on the 31st day after judgment because December 4, 2022, was a Sunday. Appellant filed his own pro se notice of appeal on the same day. The two appeals were consolidated on January 10, 2023.

*State v. Washington*, 2023-Ohio-4735, ¶ 2-13 (7th Dist.).

{¶5} Appellant asserted on direct appeal that insufficient evidence supported his conviction and his conviction was against the manifest weight of the evidence. *Id.* at ¶ 15. He alleged that his constructive possession of cocaine was not proven because Appellee presented no evidence that he knew or was aware of the magnetic box found in the wheel well of his brother's car or that the box contained cocaine.

{¶6} We found that sufficient evidence of constructive possession was presented at trial and the conviction was not against the manifest weight of the evidence. We cited the evidence showing Appellant's sole exercise and control over the vehicle as its only occupant, his phone conversation with his brother hours before where he expressed worry about getting stopped by police, his taking of the car keys upon his arrest when he was told to leave them, another car driving in tandem with Appellant while he was driving, and Appellant's phone call to the towing company after the car was towed asking to retrieve something from the vehicle that he forgot to remove at the traffic stop. *Id.* at ¶ 24. We also cited the recorded phone call at the jail where Appellant stated that he should have flushed "that shit" down the toilet. *Id.*

{¶7} Appellant filed a motion to vacate the trial court's judgment on January 17, 2023, but the trial court denied the motion as moot because the case was pending on appeal.

{¶8} On February 24, 2023, Appellant filed a petition for post-conviction relief. He asserted sufficiency of the evidence and manifest weight claims, ineffective assistance of counsel, and prosecutorial misconduct. The court denied this petition as moot because the case was still pending on appeal.

{¶9} On December 20, 2023, we issued our Opinion on Appellant's direct appeal. We affirmed the trial court's judgment and held that sufficient evidence supported Appellant's conviction and it was not against the manifest weight of the evidence.

{¶10} On May 23, 2024, Appellant filed a pro se "Request for De Novo Review of Timely Filed Post Conviction Relief Petition." Appellant requested that the court accept this filing as a supplement to his post-conviction relief petition. He advanced a claim for ineffective assistance of counsel based on counsel's alleged failures to: (1) discuss trial strategy with Appellant; (2) make a plausible defense strategy; (3) file a suppression motion of the phone calls discussed at trial; (4) present alibi witnesses; (5) investigate the

evidence in the case; (6) failure to suppress the phone calls; and (7) failing to object to or rebut the trial court and prosecutor's claims to the jury that he made statements that he never made, which influenced the jury to convict him and prevented an appeal for prosecutorial misconduct.

{¶11} With his request, Appellant attached an affidavit from Katie Hutton, his girlfriend, who attested that she spoke with Appellant by phone the night before he was booked into the jail and he talked about flushing a marijuana joint down the toilet, not cocaine. Appellant also attached an affidavit from his brother, Devonte Clay, who attested that he spoke to Appellant by phone and Appellant stated that he was worried about his brother's car getting towed because Appellant was far from home and he had no other transportation to get home. Mr. Clay attested that Appellant was not worried about the towing because the car contained drugs.

{¶12} On July 24, 2024, Appellant filed a motion for summary judgment because Appellee failed to timely respond to his request.

{¶13} On July 25, 2024, Appellee filed a motion for judgment on the pleadings. Appellee asserted that res judicata barred Appellant's claims and they were otherwise without merit. Appellee acknowledged the affidavits Appellant filed with his request, but contended that they did not support his claims and he provided no evidence de hors the record supporting his claims. Appellee also asserted that res judicata barred Appellant's claims because his manifest weight and sufficiency of the evidence claims were already rejected on appeal, and his ineffective assistance of counsel and prosecutorial misconduct claims should have been raised on direct appeal, but were not. Appellee also addressed the merits of Appellant's claims, finding that all of them lacked merit.

{¶14} On September 25, 2024, the trial court granted Appellee's motion for judgment on the pleadings, denied Appellant's request for de novo review of his petition, and denied his post-conviction relief petition. The court applied res judicata to bar Appellant's insufficient evidence and manifest weight claims because they were already raised and rejected on appeal. The court applied res judicata to also bar Appellant's ineffective assistance of counsel and prosecutorial misconduct claims because he could have and should have raised them on direct appeal but did not.

Case No. 24 MA 0098

{¶15} The trial court further held that Appellant failed to present any evidence de hors the record to support his ineffective counsel and prosecutorial misconduct claims. The court found that the two affidavits submitted by Appellant failed to present competent and credible evidence de hors the record to establish his claims of ineffectiveness of counsel or prosecutorial misconduct.

{¶16} On October 28, 2024, Appellant filed his notice of appeal. He asserts the following sole assignment of error:

**THE MAHONING COUNTY COMMON PLEAS COURT ABUSED ITS DISCRETION WHEN IT DENIED HIS REQUEST FOR A DE NOVO REVIEW OF APPELLANT JARELL WASHINGTON'S POST-CONVICTION RELIEF PETITION BY IGNORING SUPPORTING AFFIDAVITS THAT PROVE THAT HE DID NOT COMMIT A CRIME, IN VIOLATION OF HIS DUE PROCESS RIGHTS TO THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

{¶17} Appellant asserts that the trial court abused its discretion by failing to address the affidavits he submitted in support of his petition. He contends that they support his version of the facts and allowed the State to improperly use the affiants' phone calls with him out of context. Appellant submits that with this improper use, the State led the jury to believe that the calls were about the cocaine in the wheel well and not about other items or other circumstances.

{¶18} Appellant contends that he was merely helping to retrieve his brother's car from impound in Tiffin, Ohio and bring it back home. He asserts that although he should not have been driving because he had a suspended license, he did not know about the magnetic box in the wheel well or that it was full of cocaine.

{¶19} Appellant further submits that had the court addressed the affidavits, it would have reasonably concluded that his counsel was ineffective for failing to call him to the stand, as well as his brother, his girlfriend, and the tow truck driver. He asserts that his brother and girlfriend's testimony would have rebutted the prosecution's theory that his phone calls with them discussed the cocaine. He also contends that his testimony would have made it harder for the jury to believe that the police, who initially impounded

Case No. 24 MA 0098

his brother's car, did not know about the magnetic box. He further asserts that the testimony would have made it unreasonable for a jury to believe that he would have risked driving over three hours in a car with a magnetic box full of cocaine attached to the outside of the car.

**{¶20}** A petition for post-conviction relief is not an appeal of a criminal judgment, but is a civil collateral attack on the judgment. *State v. Calhoun*, 1999-Ohio-102. It is a means for courts to reach constitutional issues that could not otherwise be reached due to a lack of evidence in the record of the defendant's criminal conviction. *State v. Hayes*, 2025-Ohio-121, ¶ 20 (5th Dist.), citing *State v. Smith*, 2017-Ohio-2616, ¶ 13 (5th Dist.) (citing *State v. Murphy*, 2000 WL 1877526 (10th Dist. Dec. 26, 2000)).

**{¶21}** R.C. 2953.21(A)(1) provides that a convicted defendant claiming a constitutional violation may file a petition stating the grounds for relief and asking the court to vacate or set aside the judgment or sentence. Before a court may grant a hearing on the petition, the court must determine if substantive grounds for relief exist. R.C. 2953.21(C). The initial burden falls on the defendant to submit "evidentiary documents containing sufficient operative facts to show his claim." *State v. Clay*, 2018-Ohio-985, ¶ 10 (7th Dist.), citing *State v. Jackson*, 64 Ohio St.2d 107, 110-111 (1980).

**{¶22}** An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. Abuse of discretion connotes more than an error of judgment; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**{¶23}** A court may apply res judicata to dismiss a post-conviction relief petition without a hearing. The doctrine of res judicata "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Croom*, 2014-Ohio-5635, ¶ 7 (7th Dist.), citing *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981). Res judicata can also bar ineffective assistance of counsel claims that could have been fairly litigated on direct appeal. *State v. Blanton*, 2022-Ohio-3985, ¶ 43.

**{¶24}** However, res judicata does not bar a claim where "an alleged constitutional error is supported by evidence that is de hors the record" because a defendant could not

fully litigate the claim where the evidence existed outside of the record. *State v. Agee*, 2016-Ohio-7183, ¶ 10 (7th Dist.), quoting *State v. Green*, 2003-Ohio-5142, ¶ 21 (7th Dist.) (citing *State v. Smith* 125 Ohio App.3d 342, 348 (12th Dist. 1997)).

**{¶25}** In order to avoid the application of res judicata, the defendant must show that he could not have appealed the claim based on the trial record. . Moreover, the defendant must show that the evidence supporting his claims is "competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial." *State v. Sutherland,* 2025-Ohio-488, ¶ 17 (2d Dist.), quoting *State v. Jackson*, 2007-Ohio-1474, ¶ 21 (10th Dist.).

**{¶26}** If the defendant submits affidavits in support of his post-conviction relief petition, the trial court should attribute due deference to them, but may judge their credibility without observing the affiants. *Clay*, 2018-Ohio-985, at ¶ 27, (7th Dist.) citing *Calhoun*, 1999-Ohio-102. In evaluating the credibility of affidavits, the trial court should consider all relevant factors, including the following:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial; (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person; (3) whether the affidavits contain or rely on hearsay; (4) whether the affiants are relatives of the petitioner or otherwise interested in petitioner's success; and (5) whether the affidavits contradict evidence proffered by the defense or by the same witness at trial or are internally inconsistent.

*Clay* at ¶ 28. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.,* quoting *Calhoun* at 284.

**{¶27}** The court barred all of Appellant's claims based on res judicata. The court explained that res judicata barred Appellant's sufficiency and manifest weight claims because we had considered and rejected these claims on direct appeal. Res judicata bars a defendant from raising claims that were raised and decided on direct appeal. *Croom*, 2014-Ohio-5635, ¶ 9 (7th Dist.). Thus, the trial court correctly applied res judicata to bar these claims.

**{¶28}** The trial court further held that res judicata barred Appellant's first six ineffective assistance of counsel claims in his post-conviction relief petition because he failed to attach evidence de hors the record. Res judicata applies to bar claims that a defendant fails to support with evidence outside of the original trial record. *Id.* at ¶ 7, citing *State v. Combs*, 100 Ohio App.3d 90, 97 (1st. Dist.). Since Appellant failed to provide such support with his original petition, the trial court properly applied res judicata to Appellant's ineffectiveness of counsel claims.

**{¶29}** The trial court also correctly held that Appellant failed to attach evidence de hors the record to support his first six ineffective assistance of counsel claims. Since Appellant failed to provide such support with his request for de novo review, the court properly applied res judicata to bar these claims.

**{¶30}** Moreover, the trial court did not abuse its discretion by holding that Appellant failed to present competent and credible evidence de hors the record regarding his ineffective assistance of counsel and prosecutorial misconduct claims concerning flushing items down the toilet. The trial court found that these issues could have been raised on direct appeal and the affidavits did not constitute competent credible evidence to establish a constitutional violation.

**{¶31}** Despite Appellant's assertions to the contrary, the trial court did review the affidavits of Appellant's brother and girlfriend. The court specifically identified them in its order and noted they were from the biased sources of Appellant's brother and girlfriend. (Sept. 25, 2024 Order, 5). This is one of the factors set forth in *Clay*, 2018-Ohio-985 (7th Dist.). The court further found that the affidavits failed to support Appellant's claims.

**{¶32}** The trial court is correct. Ms. Hutton's affidavit merely states that she and Appellant spoke on the phone while he was at the jail and when he told her that he should have flushed "that shit" down the toilet, he was referring to a marijuana joint he was smoking when the police came to arrest him. Mr. Clay's affidavit was equally unsupportive as he merely attested that he learned about a misunderstanding concerning the phone call he had with Appellant when Appellant told him that he hoped that the police would not tow Mr. Clay's car. Mr. Clay attested that Appellant made this statement because he was unfamiliar with Tiffin, Ohio and did not have transportation home if the police towed the car.

Case No. 24 MA 0098

**{¶33}** The court held that the affidavits were from biased sources, they lacked credibility, and they did not support an ineffective assistance of counsel or prosecutorial misconduct claim. The court did not act unreasonably, arbitrarily, or unconscionably in its ruling.

**{¶34}** Based on the above, Appellant's sole assignment of error lacks merit and is overruled.

**{¶35}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 24 MA 0098

―――――――――――――――

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**