[Cite as *State v. Hayes*, 2024-Ohio-1826.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0044 |
| BERNARD L. HAYES, JR. | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2021-0664 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | May 9, 2024 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| BERNARD L. HAYES, JR.<br>#A 797-924<br>Belmont Correctional Institute<br>P.O. Box 540<br>St. Clairsville, Ohio 43950 | RON WELCH<br>Muskingum County Prosecuting Attorney<br><br>JOSEPH A. PALMER<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North 5th Street<br>Zanesville, Ohio 43710 |

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Bernard L. Hayes, Jr. appeals the judgment entered by the Muskingum County Common Pleas Court dismissing his petition for postconviction relief. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** Following jury trial in the Muskingum County Common Pleas Court, Appellant was convicted of felonious assault on a peace officer (R.C. 2903.11(A)(1)), and was sentenced to a term of incarceration of eleven to sixteen and one-half years. He appealed to this Court, and we affirmed the judgment of conviction and sentence. *State v. Hayes,* 5th Dist. Muskingum No. CT2022-0021, 2023-Ohio-1008.

**{¶3}** Appellant filed a timely petition for postconviction relief in the trial court, arguing the State improperly withheld evidence in discovery, and counsel was ineffective for failing to properly investigate the case prior to trial. The trial court summarily dismissed the petition without findings of fact and conclusions of law.

**{¶4}** Appellant filed a notice of appeal to this Court. The State moved to dismiss on the basis a judgment dismissing a petition for postconviction relief without findings of fact and conclusions of law is not a final appealable order. This Court granted the motion, dismissing the instant appeal. Appellant appealed to the Ohio Supreme Court. The Supreme Court accepted the appeal and summarily reversed this Court's dismissal on the authority of *State ex rel. Penland v. Dinkelacker*, 162 Ohio St. 3d 59, 2020-Ohio-3774,

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal, and can be found in this Court's opinion on direct appeal, *State v. Hayes*, 5th Dist. Muskingum No. CT2022-0021, 2023-Ohio-1008.

164 N.E.3d 336, and remanded the case to this Court for a decision on the merits. This Court reopened the appeal.

{¶5} It is from the June 5, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

> IT WAS AN ABUSE OF DISCRETION WHEN THE TRIAL COURT FAILED TO ISSUE THE REQUIRED FACTS FINDINGS AND CONCLUSIONS OF LAW PURSUANT ORC ANN. 2953.21(D).

{¶6} In the first assignment of error appellant argues the trial court erred in failing to issue findings of fact and conclusions of law. We agree.

{¶7} R.C. 2953.21 provides in pertinent part:

> (D) The court shall consider a petition that is timely filed within the period specified in division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court

reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. If the petition was filed by a person who has been sentenced to death, the findings of fact and conclusions of law shall state specifically the reasons for the dismissal of the petition and of each claim it contains.

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.

**{¶8}** Under the provisions of R.C. 2953.21, it is the mandatory duty of the trial court to make findings of fact and conclusions of law if a petitioner raises an issue properly cognizable under the Post Conviction Remedy Act, the resolution of which requires the determination of facts. *See, e.g., State v. Jones*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1996); *See also, State ex rel. Baldwin v. Reinbold*, Stark App. No.2007CA00341, 2008–Ohio–837; *State v. Saylor*, 125 Ohio App.3d 636, 638, 709 N.E.2d 231 (1998); *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus (findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition). "Such findings are necessary to apprise the petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones, supra*, at 22.

**{¶9}** "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The

findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *State v. Clemmons,* 58 Ohio App.3d 45, 46, 568 N.E.2d 705, 706–707 (1989), citing 5A Moore, Federal Practice (2 Ed. 1990) 52–142, Section 52.06[1].

**{¶10}** In this case, Appellant filed a timely petition for postconviction relief, raising claims of prosecutorial misconduct during the discovery process and ineffective assistance of counsel during the pretrial investigation of the case. The trial court summarily dismissed the petition without findings of fact and conclusions of law. On April 18, 2024, the trial court ordered the parties to submit proposed findings of fact and conclusions of law within thirty days of the judgment; however, this judgment was filed during the pendency of this appeal in this Court, and findings of fact and conclusions of law have not been issued by the trial court.

**{¶11}** We find the trial court erred as a matter of law in failing to issue findings of fact and conclusions of law in compliance with R.C. 2953.21. Appellant's assignment of error is sustained.

**{¶12}** The judgment of the Muskingum County Common Pleas Court is reversed, and this case is remanded to that court with instructions to make findings of fact and conclusions of law in support of its dismissal of Appellant's petition for postconviction relief.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur