[Cite as *State v. Simpson*, 2024-Ohio-3161.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| NUKIYUS SIMPSON | : | Case No. CT2024-0006 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case 2023-04442


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     August 19, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. PALMER                          NUKIYUS SIMPSON - PRO SE
27 North Fifth Street                     # 825-765
Zanesville, OH  43702                     Southeast Correctional Institution
                                          Lancaster, OH  43130

*King, J.*

{¶ 1}　Defendant-Appellant, Nukiyus Simpson, appeals his December 15, 2023 judgment of conviction and sentence from the Court of Common Pleas of Muskingum County, Ohio. Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　On July 13, 2023, the Muskingum County Grand Jury returned a seventeen-count indictment charging Simpson and his two codefendants with various crimes related to drug trafficking. Simpson was charged with one count of engaging in a pattern of corrupt activity, a felony of the first degree; one count of aggravated possession of methamphetamine with a firearm specification, a felony of the second degree; one count of aggravated trafficking in drugs with a firearm specification, a felony of the second degree; one count of possession of cocaine with a firearm specification, a felony of the second degree; two counts of trafficking in cocaine with a firearm specification, a felony of the second degree; two counts of possession of cocaine with a firearm specification, a felonies of the first degree; one count of tampering with evidence, a felony of the third degree; one count of illegal manufacture of drugs with a firearm specification, a felony of the second degree; one count of possessing criminal tools, a felony of the fifth degree; and two counts of having weapons under disability, felonies of the third degree.

{¶ 3}　The charges stemmed from Simpson's involvement in an enterprise with his codefendants wherein he collected debt in relation to drug trafficking and the manufacture of drugs. These activities took place in June and July of 2023.

{¶ 4}　Simpson entered pleas of not guilty at his arraignment. Thereafter, he engaged in plea negotiations with the state. The parties agreed that Simpson would enter

a plea of guilty to engaging in a pattern of corrupt activity, a felony of the first degree. In exchange, the state agreed to dismiss the remaining counts and specifications. The parties further agreed to jointly recommend a sentence of 11 years incarceration and stipulated to the judicial findings necessary for imposition of a maximum sentence. Signed plea form, December 14, 2023, docket item 41.

{¶ 5}   Simpson's plea hearing took place on December 14, 2023. The trial court engaged Simpson in a thorough Crim.R. 11 plea colloquy. Simpson acknowledged he understood the rights he was giving up by entering his guilty plea and the potential penalties involved. Transcript of plea hearing, 5-13.

{¶ 6}   Simpson returned to the trial court for sentencing on December 18, 2023. Per the plea negotiations, the parties jointly recommended a sentence of 11 years. The trial court followed the recommendation of the parties and imposed an indefinite sentence of 11 to 16 and a half years.

{¶ 7}   Simpson filed an appeal and was appointed counsel. Thereafter, Simpson's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to

determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 8}   On April 18, 2024, Simpson's counsel filed a motion to withdraw and indicted she sent Simpson a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed April 19, 2024, this court noted counsel had filed an *Anders* brief and indicated to the court that she had served Simpson with the brief. Accordingly, this court notified Simpson via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." After receiving and extension of time in which to file his brief, Simpson filed a brief on July 11, 2024. He raises one assignment of error for our consideration as follows:

I

{¶ 9}   "THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE BASED UPON FACTORS THAT ARE NOT SUPPORTED BY THE RECORD."

{¶ 10}  In her *Anders* brief, counsel for Simpson raised one potential assignment of error as follows:

I

{¶ 11}  THE TRIAL COURT ERRED IN ACCEPTING SIMPSON'S GUILTY PLEA UNDER CRIM.R. 11, AND ERRED IN SENTENCING SIMPSON.

Simpson's Assignment of Error

{¶ 12}  Simpson's sole assignment of error argues the trial court failed to make the appropriate findings on the record before imposing a maximum sentence. We disagree.

{¶ 13} Simpson entered a negotiated plea and received an agreed upon sentence. R.C. 2953.08(D)(1) limits an appellate court's ability to review an agreed upon sentence. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case and is imposed by a sentencing judge." *State v. Holman*, 2023-Ohio-716, ¶ 10.

{¶ 14} Simpson's negotiated plea involved certain agreements between himself and the state including the following:

> Upon a plea of "guilty" to Count One as contained in the indictment, the parties agree to a joint recommendation that the defendant be sentenced to eleven (11) years in prison and forfeit all items seized in this matter. The parties stipulate to Judicial Findings necessary for the imposition of a maximum sentence. The State agrees to dismiss Counts Seven through Seventeen of the indictment at the time of sentencing.

{¶ 15} This agreement was reiterated on the record during Simpson's plea hearing and Simpson and his counsel agreed that the signed plea agreement was accurate. Transcript of plea hearing 4-5. The agreement was recited once again during Simpson's sentencing hearing and Simpson requested that the trial court follow the joint recommendation. Transcript of sentencing 3-4. Simpson's sentence was within the recommended sentencing range for a first-degree felony which is punishable by 3, 4, 5,

6, 7, 8, 9, 10, or 11 years incarceration and was therefore authorized by law. R.C. 2929.14.(A)(1)(a).

{¶ 16} Because Simpson's sentence is not reviewable and because he stipulated to the judicial findings necessary for imposition of a maximum sentence, we reject Simpson's sentencing complaint.

{¶ 17} Under the same assignment of error, Simpson appears to challenge the constitutionality of the Reagan Tokes Law. In *State v. Hacker*, 2023-Ohio-2535, however, the Supreme Court of Ohio found the law is constitutional. *Id*, ¶ 41. Simpson presents no new or novel challenge to the law which was left unaddressed by the Court in *Hacker*.

## Counsel's Proposed Assignment of Error

{¶ 18} We next address the potential assignment of error raised by counsel for Simpson. Counsel's potential assignment of error points to the trial court's compliance with Crim.R. 11 during Simpson's plea colloquy and the lawfulness of Simpson's sentence.

{¶ 19} We have already addressed Simpson's sentence above and therefore move directly to the trial court's plea colloquy.

{¶ 20} When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 21} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State*

*v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Veney*, 2008-Ohio-5200, ¶ 31.

{¶ 22} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. *Veney* at ¶ 19. If the trial court fails to strictly comply with these requirements, then the defendant's plea is invalid. *Id.* at ¶ 31.

{¶ 23} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b); *Veney* at ¶ 10-13.

{¶ 24} For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 25} We have reviewed the transcript of Simpson's plea and find it reflects the trial court's strict compliance with each constitutional notification and its substantial compliance with each non-constitutional notification. Transcript of plea 5-10.

{¶ 26} After a full and complete examination of the record, including a transcript of the proceedings below, we further find this appeal is wholly frivolous. The record, including the plea hearing and sentencing hearings, is lacking any legal points arguable on the merits.

{¶ 27} This Court therefore grants the motion of Simpson's counsel to withdraw from the case, dismisses the appeal, and affirms the conviction and sentence of the trial court.

By King, J.,

Delaney, P.J. and

Baldwin, J. concur.