[Cite as *State v. Hayes*, 2025-Ohio-121.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| BERNARD L. HAYES | : | Case No. CT2024-0085 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. CR2021-0664


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     January 16, 2025


APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North Fifth Street
Zanesville, OH  43702

For Defendant-Appellant

BERNARD L. HAYES, PRO SE
Belmont Correctional Facility
#797-924
P.O. Box 504
St. Clairsville, OH  43950

*King, J.*

{¶ 1}   Defendant-Appellant Bernard L. Hayes appeals the July 10, 2024 judgment of the Muskingum County Court of Common Pleas denying his petition for post-conviction relief. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

Facts and Procedural History

{¶ 2}   A full recitation of the underlying facts is unnecessary for our resolution of this appeal. Relevant here, on December 4, 2021, following an overdose of insulin, Hayes was transported by ambulance to Genesis Hospital, where he was treated by Dr. Philip Kray and his blood sugar levels stabilized. Dr. Kray testified at trial that he was concerned that Hayes's insulin overdose was indicative of possible self-harm so he issued a writ placing Hayes "on hold," or as Hayes' refers to it a "pink slip," thus preventing the Hayes from leaving the hospital. Dr. Kray testified that he communicated to Hayes the precise reasons he was required to stay in the emergency department for treatment, during which Hayes was conscious and alert. *State v. Hayes*, 2023-Ohio-1008 ¶ 4 (5th Dist.) (Hayes I).

{¶ 3}   Hayes became angry and aggressive, and indicated that he wanted to leave. Dr. Kray again attempted to explain to Hayes the reasons why he had been placed on a hold. Hayes became more upset, and attempted to get up from the bed while attached to a number of monitors and an IV. The victim, Genesis Hospital Security Officer Garret Wohlford was called to the treatment room to assist with the disturbance. Dr. Kray testified that Hayes got out of bed and moved towards himself and Officer Wohlford. An altercation ensued, during which Officer Wohlford suffered significant cranial injuries. *Hayes I* ¶ 5.

{¶ 4}   Following jury trial in the Muskingum County Common Pleas Court, Hayes was convicted of felonious assault on a peace officer and was sentenced to a term of incarceration of eleven to sixteen and one-half years. He appealed to this Court, and we affirmed the judgment of conviction and sentence. *State v. Hayes*, 2023-Ohio-1008 (5th Dist.). Relevant to this appeal, Hayes raised ineffective assistance of counsel in his direct appeal for failing to challenge whether the victim was a peace officer.

{¶ 5}   Hayes also filed a timely petition for postconviction relief in the trial court, arguing the State improperly withheld evidence in discovery, and counsel was ineffective for failing to properly investigate the case prior to trial. The trial court summarily dismissed the petition without findings of fact and conclusions of law.

{¶ 6}   Hayes filed a notice of appeal to this Court. The State moved to dismiss on the basis a judgment dismissing a petition for postconviction relief without findings of fact and conclusions of law is not a final appealable order. This Court granted the motion and dismissed the appeal. Hayes appealed to the Ohio Supreme Court. The Supreme Court accepted the appeal and summarily reversed this Court's dismissal on the authority of *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774 and remanded the case to this Court for a decision on the merits. This Court reopened the appeal. We found the trial court erred in failing to issue findings of fact and conclusions of law and remanded the matter for the same. *State v. Hayes*, 2024-Ohio-1825 (5th Dist.) (Hayes II).

{¶ 7}   On July 10, 2024, the trial court issued its findings of fact and conclusions of law and denied Hayes' petition without a hearing.

{¶ 8}   Hayes timely filed an appeal and the matter is now before this court for consideration. He raises ten assignments of error as follow:

I

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ISSUING INADEQUATE AND ERRONEOUS FINDING OF FACT AND CONCLUSION OF LAW IN DISMISSAL OF HAYES PETITION FOR POSTCONVICTION RELIEF."

II

{¶ 10} "THE TRIAL JUDGE ERRED IN FAILING TO GRANT THE APPELLANT AN EVIDENTIARY HEARING AS IS REQUIRED BY R.C. 2953.21(C)."

III

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR AN ORDER COMPELLING THE PROSECUTOR TO PRODUCE THE PINK SLIP WRIT."

IV

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR DISCOVERY OF THE "PINK SLIP" WHERE THE FINDINGS MADE BY THE TRIAL COURT TO SUPPORT THE DECISION IS NOT WITHIN THE RECORD, AND THE PROSECUTOR ADMITTED THAT HE NEVER HAD ACCESS TO THE PINK SLIP."

V

{¶ 13} "THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE COMMITTED A BRADY VIOLATION BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE OF THE ("PINK SLIP DOCUMENT")."

VI

{¶ 14} "THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE COMMITTED A BRADY VIOLATION BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE OF OFFICER WOHLFORD'S OPATA PEACE OFFICER TRAINING AND TESTING CERTIFICATION."

VII

{¶ 15} "THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL GUUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE COMMITED A BRADY VIOLATION BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE OF OFFICER WOHLFORD'S EMPLOYMENT RECORDS."

VIII

{¶ 16} "THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES AND OHIO CONSTITUTIONS WHEN THE STATE COMMITED A BRADY VIOLATION BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE OF WHETHER OFFICER WOHLFORD WAS LICENSED AND/OR AUTHORIZED TO CARRY A FIREARM. "

IX

{¶ 17} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO CONDUCT PROPER PRE-TRIAL INVESTIGATION AND DISCOVERY, WITH THE STATE, ON WHETHER OFFICER

WOHLFORD HAD A CERTIFICATE OF SATISFACTORY COMPLETION OF AN APPROVED STATE, COUNTY, OR MUNICIPAL PEACE OFFICER TRAINING PROGRAM."

X

{¶ 18} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO CONDUCT PROPER PRE-TRIAL INVESTIGATION AND DISCOVERY, WHERE COUNSEL FAILED TO OBTAIN THE "PINK SLIP WRIT DOCUMENT" FILLED OUT BY DR. KRAY THAT ALLEGEDLY PLACED A 72-HOUR PSYCHIATRIC HOLD."

I, II

{¶ 19} Because they are interrelated, we address Hayes' first and second assignments of error together. In his first assignment of error, Hayes argues the trial court abused its discretion in denying his petition without making adequate findings of fact and conclusions of law. Hayes argues the trial court failed to address each of his six grounds for relief. In his second assignment of error Hayes argues the trial court erred in failing to hold an evidentiary hearing on his petition.

Applicable Law

{¶ 20} A petition for post-conviction relief is intended as a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Smith*, 2017-Ohio-2616 ¶ 13 citing *State v. Murphy*, 2000 WL 1877526 (10th Dist. Dec. 26, 2000). A petition for post-conviction relief is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279,

281 (1999). A petition for post-conviction relief does not, therefore, provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980), *State v. Lewis*, 2008-Ohio-3113, (5th Dist.) ¶ 8.

{¶ 21} Hayes' petition alleged in part ineffective assistance of counsel. Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 2018-Ohio-368 (5th Dist.), citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999). Further, the Supreme Court of Ohio has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527 (1994).

{¶ 22} Additionally, "[un]der the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. A petition for postconviction relief may defeat the res judicata bar only if its claims are based on evidence de hors the record. *State v. McNeill*, 137 Ohio App.3d 34, 40 (9th Dist. 2000) citing *State v. Cole*, 2 Ohio St.3d 112 (1982).

{¶ 23}  A trial court's decision to deny a petition for postconviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

Hayes' Arguments

Findings of Fact and Conclusions of Law

{¶ 24} A review of Hayes' petition for post-conviction relief reveals he raised two broad issues; prosecutorial misconduct and ineffective assistance of counsel. Hayes alleged the state committed a *Brady* violation by failing to provide the "pink slip" document which placed Hayes on a temporary psychiatric hold at the hospital where he assaulted the victim, and withheld the victim's employment records and his certification as a peace office. Hayes additionally alleged his counsel rendered ineffective assistance for failing to obtain these documents.

{¶ 25}  Here, Hayes argues the trial court's judgment entry dismissing his petition failed to make adequate findings of fact and conclusions of law addressing each of his claims. R.C. 2953.21(H) states in relevant part:

If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If the petition was filed by a person who has been sentenced to death, the findings of fact and conclusions of law shall state specifically the reasons for the denial of relief on the petition and of each claim it contains.

{¶ 26} The trial court was not required to separately state with specificity the reasons for its denial as to each and every one of the claims contained in Hayes' petition. Such specificity is only required in cases where the petitioner has been sentenced to death, and Hayes was not. While brief, the trial court's conclusion of law does indicate the record was devoid of any evidence to support Hayes' claims that the state withheld evidence or that counsel for Hayes failed to request the evidence that Hayes claimed was withheld. The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Staats*, 2016-Ohio-2921 (5th Dist.). In its judgment entry, the trial court sufficiently apprised both Hayes and this Court of the grounds for its decision. Accordingly, the trial court's judgment entry adequately addressed Hayes' arguments.

Dismissal Without a Hearing

{¶ 27} The trial court also did not err in denying Hayes' petition without a hearing. We note the allegations contained in Hayes' petition were supported only by his own self-serving affidavit.

{¶ 28} R.C. 2953.21 does not mandate a hearing for every postconviction relief petition and a hearing is not automatically required. In *State v. Jackson*, 64 Ohio St.2d 107 (1980), the Ohio Supreme Court has stated whether a hearing must be held hinges on whether there are substantive grounds for relief based upon the petition, supporting affidavits, and files and records of the case. The Court further explained "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." *Id*. at 111. Rather, a petitioner must submit evidentiary quality documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Accordingly, "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C). A petitioner advancing a post-conviction petition must present evidence which meets a minimum level of cogency to support his claims. *State v. Scott*, 2016-Ohio-3488 (5th Dist.). A self-serving affidavit filed by the petitioner generally does not meet this level of cogency. *Id.*

{¶ 29} Additionally, while the trial court did not mention res judicata in its entry denying Hayes' petition, we note each claim contained in the petition could have been

raised in a direct appeal. They were therefore barred by res judicata. Hayes' petition also fails and did not warrant a hearing because a *Brady* violation involves the post-trial discovery of information that was known to the prosecution, *but unknown to the defense*. *United States v. Agurs*, 427 U.S. 97, 103 (1976); *State v. Wickline*, 50 Ohio St.3d 114, 116 (1990). Hayes was clearly aware of the "pink slip" and the fact that the victim would have had some type of training to become a peace officer as well as employment records.

{¶ 30} Because Hayes' petition for post-conviction relief did not contain sufficient operative facts to support his specified grounds and he did not meet his initial burden to produce evidence demonstrating a cognizable constitutional error, the trial court did not err in denying his petition without conducting an evidentiary hearing.

{¶ 31} The first and second assignments of error are overruled.

### III, IV

{¶ 32} Appellant's third assignment of error is not properly before this court.

{¶ 33} In his third assignment of error Hayes argues the trial court abused its discretion when it denied his motion to compel the State to produce the "pink slip" document. On June 13, 2024, Hayes filed a "Defendant's Motion to Compel the Prosecutor and Trial Counsel, Pursuant to Rule 16(B)(1)(a) Ohio Rules of Criminal Procedure for Inspection and Copy of the Pink Slip Writ of Detention." On June 17, 2024, the trial court denied the motion. Hayes did not file an appeal of that judgment entry. Accordingly, the third assignment of error is overruled.

{¶ 34} Hayes' fourth assignment of error is also not properly before this court. The fourth assignment of error repeats the third, but adds that in its July 10, 2024 judgment denying Hayes' petition for postconviction relief, the trial court made findings to support

Hayes' position that the "pink slip" was not contained on the record. This does not change the fact that Hayes' did not appeal from the trial court's judgment entry denying his motion for discovery. Accordingly, the fourth assignment of error is overruled.

### V, VI, VII, VIII, IX, X

{¶ 35} We address Hayes' remaining assignments of error together. His fifth, sixth, seventh and eighth assignments of error again raise the same alleged *Brady* violations pertaining to the "pink slip" and the victim's certification and training as a peace officer and whether or not he was authorized to carry a weapon. Hayes' ninth and tenth assignments of error allege ineffective assistance of trial counsel for failing to conduct proper pre-trial discovery to obtain these documents.

{¶ 36} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).

{¶ 37} Hayes could have or did raise each of these claims in his direct appeal. He is therefore barred from raising them in the instant matter. Accordingly, Hayes' fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are overruled.

{¶ 38} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.