[Cite as *State v. Simpson*, 2025-Ohio-5240.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0039 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2023-0442 |
| NUKIYUS SIMPSON, | |
| Defendant - Appellant | Judgment:   Reversed and Remanded |
| | Date of Judgment: November 19, 2025 |

BEFORE: Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer, Muskingum County Prosecuting Attorney's Office, Zanesville, Ohio, for Plaintiff-Appellee; Elizabeth N. Gaba, Columbus, Ohio, for Defendant-Appellant.


*Gormley, J.*

**{¶1}**   Appellant Nukiyus Simpson — the defendant in this criminal case — argues that the trial court erred when it denied his petition for post-conviction relief without holding an evidentiary hearing.  He claims that his petition rests on evidence outside the record of his direct appeal and therefore is not barred by claim preclusion.  We agree, and we therefore reverse the trial judge's decision.

**The Key Facts**

**{¶2}**   Simpson was indicted on various drug and weapon charges and faced possible prison terms of as long as 60 to 90 years. His trial lawyer filed motions to obtain copies of search warrants, search-warrant affidavits, and other discovery materials, but — according to Simpson — the State refused to provide those items.

**{¶3}** The prosecution did make a plea offer in the case, and the attorneys met with the trial judge in his chambers to discuss it. No court reporter was present for that discussion, so we of course have no record of it, and the record at the time of Simpson's direct appeal last year did not even reveal that such a discussion had taken place. Simpson alleges that during the off-the-record in-chambers meeting of the attorneys and the judge, the State conditioned its plea offer on Simpson's waiver of the right to receive the requested discovery materials.

**{¶4}** Simpson pled guilty to one felony charge and was sentenced to an indefinite prison term with a minimum length of 11 years and a maximum length of 16.5 years. On direct appeal, our court affirmed his conviction. *State v. Simpson*, 2024-Ohio-3161 (5th Dist.). That direct appeal did not address any issues regarding the sharing of discovery or any allegations of prosecutorial coercion.

**{¶5}** Simpson then filed a petition for post-conviction relief alleging constitutional violations arising from the State's alleged refusal to share discovery materials and the conditioning of the plea offer. In support of his petition, Simpson submitted an affidavit from his trial counsel — who is also his counsel in this appeal — describing the in-chambers discussion. The trial court denied the petition without holding an evidentiary hearing, concluding that Simpson's claims were barred by the claim-preclusion doctrine because they could have been raised on direct appeal. He now appeals from that ruling.

## Simpson's Claims Are Not Barred by Claim Preclusion

**{¶6}** Absent an abuse of discretion, we typically affirm a trial court's decision to deny a post-conviction petition filed under R.C. 2953.21. *State v. Atkinson*, 2020-Ohio-3122, ¶ 9 (5th Dist.); *State v. Smith*, 2025-Ohio-2138, ¶ 18 (5th Dist.). An abuse of

discretion entails more than a mere error of law or judgment; it leads to an outcome that is unreasonable, arbitrary, or unconscionable. *Atkinson* at ¶ 9.

{¶7} The post-conviction process provides an opportunity for a collateral attack on a criminal conviction by the person who has been convicted in the case. *State v. Campbell*, 2003-Ohio-6305, ¶ 13 (10th Dist.). Post-conviction review is not a constitutional right but is instead a narrow remedy that gives a petitioner no more rights than those granted by statute. *Id*. It is designed to address constitutional claims that would otherwise be impossible for a court to examine because the evidence supporting those claims is not contained in the record of the petitioner's criminal conviction. *Id*.

{¶8} A trial court may dismiss a petition for post-conviction relief without holding a hearing when the doctrine of res judicata or claim preclusion bars the claims that are raised in the petition. *Atkinson* at ¶ 12, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). Under that doctrine, a defendant is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *Atkinson* at ¶ 12. A petition for post-conviction relief may overcome the claim-preclusion hurdle only if that petition relies on evidence outside the record. *State v. Hayes*, 2025-Ohio-121, ¶ 22 (5th Dist.).

{¶9} Simpson's claims rest on evidence outside the trial record: an in-chambers conversation that was never transcribed or otherwise made part of the record. The petition and the affidavit filed with it describe the State's alleged withholding of discovery and its insistence that Simpson accept or reject the government's plea offer before any exchange of discovery materials. Those facts do not appear anywhere in the trial-court record. To be sure, the record does include transcripts of the change-of-plea hearing on

December 14, 2023, and the sentencing hearing four days later, but nothing about the issues raised in Simpson's post-conviction petition and its accompanying affidavit appears in those transcripts.

{¶10} As our court has explained, a claim that depends on evidence outside the original appellate record is not barred by claim preclusion. *Atkinson*, at ¶ 18. Here, because the alleged in-chambers discussion was not included in the record, Simpson could not have raised his claim on direct appeal. His appellate counsel would have had no way of knowing — based on the trial record — about the State's alleged violations of Crim.R. 16 or about any conditions placed on the plea offer. *See State v. Weaver*, 2018-Ohio-2509, ¶ 23 (5th Dist.) (claim preclusion did not apply where a petitioner submitted evidence outside the record in the form of expert affidavits and reports that were not available at trial or on direct appeal).

{¶11} The trial court erred, therefore, when it found that Simpson's claims are barred by the doctrine of claim preclusion. Those claims are based on evidence outside the record, and they therefore could not have been raised on direct appeal.

## Simpson Has Established Substantive Grounds for an Evidentiary Hearing

{¶12} A defendant seeking to challenge a conviction through a post-conviction petition is not automatically entitled to an evidentiary hearing. *Atkinson* at ¶ 10. Before granting a hearing, the trial court must determine whether substantive grounds for relief exist. *Id*. In making that determination, the court must consider the petition, any supporting affidavits, documentary evidence, and all the files and records from the case. *Id*.

**{¶13}** A court may dismiss a post-conviction petition without a hearing when the petitioner fails to submit evidentiary material showing sufficient operative facts to establish substantive grounds for relief. R.C. 2953.21(D); *see also Atkinson* at ¶ 19 (denial of petition upheld where the petitioner failed to provide any supporting evidence beyond conclusory allegations).

**{¶14}** Here, Simpson has submitted a detailed affidavit from his trial counsel, and it includes facts about the timing of the State's discovery disclosures, the content of the alleged in-chambers discussion, the State's ultimatum regarding the plea offer, and the resulting pressure on Simpson to plead guilty without the benefit of discovery materials. That affidavit corroborates the petition's allegations that Simpson was forced to choose between exercising his right to receive discovery and the opportunity to accept a plea offer that carried the prospect of a much shorter prison term than he would likely face if he went to trial and were convicted on all or most of the charges against him.

**{¶15}** If proven, the State's conduct poses serious constitutional concerns. Simpson asserts violations of his Fourth Amendment rights through the State's refusal to provide search warrants and affidavits, violations of his Sixth Amendment rights to compulsory process, confrontation, effective assistance of counsel, and a fair trial, and violations of his due-process rights under the Fifth and Fourteenth Amendments.

**{¶16}** We find that Simpson has submitted sufficient evidentiary material demonstrating substantive grounds for relief. The trial court must hold a hearing on Simpson's petition.

**{¶17}** For these reasons, we reverse the judgment of the Court of Common Pleas of Muskingum County and remand this matter for further proceedings consistent with this opinion.  Any court costs are waived.

By: Gormley, J.;

Baldwin, J. and

King, P.J. concur.