[Cite as *State v. Jones*, 2025-Ohio-5537.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0069 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2022-0201 |
| JAMES A. R. JONES, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: December 11, 2025 |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer for Plaintiff-Appellee; James A. R. Jones briefed the case on his own behalf as Defendant-Appellant.


*Gormley, J.*

**{¶1}** Defendant James A. R. Jones argues in this appeal that the trial court erred when it denied his post-conviction petition without a hearing. Because that petition was filed in the trial court after the filing deadline set by Ohio law, and because Jones did not explain why he had waited so long before filing it, we conclude that the trial court properly denied the petition.

**The Key Facts**

**{¶2}** Jones was convicted on multiple felony charges in this case on May 4, 2022. His 30-day window for filing a direct appeal under App.R. 4(A)(1) expired on June 3, 2022.

**{¶3}** In April 2025, Jones filed a petition for post-conviction relief in the trial court. That petition's filing date fell well outside the 365-day deadline established by R.C. 2953.21(A)(2) ("If no appeal is taken, . . . the petition shall be filed no later than . . . [365]

days after the expiration of the time for filing the appeal").  The trial court denied Jones's post-conviction petition without holding a hearing and without making any findings of fact.

**Jones Did Not Explain to the Trial Court Why He Waited So Long to File his Post-Conviction Petition**

{¶4}   Absent an abuse of discretion, we typically affirm a trial court's decision to deny a post-conviction petition under R.C. 2953.21.  *State v. Simpson*, 2025-Ohio-5240, ¶ 6 (5th Dist.).  And when a post-conviction petition has been filed beyond the time limit set by R.C. 2953.21(A)(2), a trial court lacks jurisdiction to consider it unless the petitioner relies on one of the exceptions listed in R.C. 2953.23(A) to explain why the petition was filed late.  *See State v. Mitchell*, 2021-Ohio-4386, ¶ 21 (4th Dist.).

{¶5}   Jones's April 2025 petition was indisputably untimely under R.C. 2953.21(A)(2), which called for him to file it no later than June 3, 2023.  Only if he was — in the words of R.C. 2953.23(A)(1)(a) — "unavoidably prevented" from discovering the facts on which his petition relies could he justify his tardiness.  And the burden falls on Jones himself to demonstrate that this statutory exception applies.  *See State v. Johnson*, 2024-Ohio-134, ¶ 26.

{¶6}   For Jones to invoke the unavoidably-prevented exception to the time bar for filing a post-conviction petition, he must have shown the trial court that his delay in discovering the key facts supporting his claims was "incapable of being avoided or evaded."  *Id.* at ¶ 24. This requires more than a mere assertion that facts were not discovered; it demands an explanation of why those facts could not have been discovered through reasonable diligence within the statutory period.  *Mitchell* at ¶ 23.

{¶7}   Jones's petition and the supporting affidavit that he filed with it in the trial court fell short of this standard.  While Jones recounts in his affidavit his efforts to obtain

through public-records requests certain law-enforcement records that he says support his post-conviction claims, he gave the trial court no explanation for why he waited until — as he himself says in paragraph 9 of his April 21, 2025 trial-court affidavit — "July of 2024" to request the records that purportedly yielded the information on which he relied to craft his petition.

**{¶8}** Jones was convicted in May 2022, and he had the entire 365-day statutory period that began 30 days later to undertake and complete whatever reasonable efforts were needed to discover the facts relevant to his claims. The fact that he was in custody throughout that time is no excuse. *See Mitchell*, 2021-Ohio-4386, at ¶ 22–23 (4th Dist.) (rejecting a defendant's claim that his incarceration prevented him from acting sooner). Nothing in Jones's petition explains why a diligent inquiry for any necessary facts could not have been completed by him within the statute's 365-day timeframe, and neither his petition nor the supporting affidavit employs the phrase "unavoidably prevented" or recounts any circumstances that could colorably be described as the equivalent of that term from R.C. 2953.23(A)(1)(a).

**{¶9}** Moreover, Jones's claim that his trial counsel's failure in 2022 to investigate the issues described in his April 2025 petition somehow excuses his own lack of diligence is not convincing. "'The defendant cannot claim evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner.'" *State v. Martin*, 2025-Ohio-144, ¶ 50 (11th Dist.), quoting *State v. Bethel*, 2020-Ohio-1343, ¶ 20 (10th Dist.). The "unavoidably prevented" analysis focuses on whether Jones himself exercised reasonable diligence in discovering the underlying facts, not on what his trial counsel did or did not do before Jones's May 2022 guilty plea and sentencing.

**{¶10}** Because Jones failed to present a sufficient explanation in the trial court as to why he was unavoidably prevented from discovering the facts underlying his post-conviction petition before his 365-day window for filing that kind of petition had closed, the trial court did not abuse its discretion when it dismissed the petition.

**{¶11}** And though R.C. 2953.21(H) directs trial courts to "make and file findings of fact and conclusions of law" whenever a post-conviction petition is denied, no such findings and conclusions are required when the petition was filed after the 365-day deadline. *See State ex. rel. Dillon v. Cottrill*, 2016-Ohio-626, ¶ 5 ("under Ohio law, a trial court has no legal duty to issue findings of fact and conclusions of law when it dismisses an untimely petition for postconviction relief").

**{¶12}** For these reasons, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant James A. R. Jones.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.